IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-02619-PAB-KLM

NORMAN KIEFER and
EVELYN KIEFER,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

## ORDER

    This matter is before the Court on the Motion to Dismiss for Failure to Prosecute Under Rule 41(b) [Docket No. 27] filed by defendant Allstate Insurance Company.[1]

    In this insurance bad-faith case, plaintiffs allege that defendant delayed or denied the payment of benefits after a hailstorm damaged plaintiffs' roof on or about June 19, 2015. Docket No. 4. Plaintiffs filed this case on June 28, 2016. *Id*. at 1. On December 13, 2016, pursuant to a provision in the insurance policy, plaintiffs sent defendant a demand for appraisal. Docket No. 27-1. On January 26, 2017, the Court entered an Order [Docket No. 26] granting the parties' Joint Motion to Stay Proceedings Pending Appraisal [Docket No. 25]. The order directs the parties to file a status report with the Court no later than thirty days after the completion of the appraisal process. Docket No. 26. By the time of the filing of the motion to stay, neither party had begun

---

[1] As neither party has moved to re-open the case, the Court will construe defendant's motion to include a motion to re-open this matter.

discovery. Docket No. 25 at 2, ¶ 4.

On June 13, 2017, defendant sent a letter to plaintiffs' law firm informing it that plaintiffs' claim was being closed because plaintiffs "failed to appoint and notify Allstate of [their] chosen appraiser" and that defendant has "received no additional communication from [plaintiffs]." Docket No. 27-4 at 1. The letter stated that "[c]losure of your claim concludes the appraisal process." *Id*. at 2.

On September 24, 2017, having received no response from plaintiffs, counsel for defendant contacted plaintiffs' counsel by email to inform him of defendant's intent to file a motion to dismiss for lack of prosecution. Docket No. 27-5. Plaintiffs' counsel responded two days later, indicating that "a few weeks ago" he was hit by a truck while on a motorcycle and had been "recovering from significant, serious injuries." Docket No. 27-6. Plaintiff's counsel informed defendant that plaintiffs would oppose defendant's motion. *Id*. Defendant did not file a dismissal motion at that time. Docket No. 27-7. On February 8, 2018, counsel for defendant again contacted plaintiffs' counsel by email, indicating that defendant now intended to file a motion to dismiss for lack of prosecution. *Id*. Plaintiffs' counsel did not respond. Defendant filed its motion on May 24, 2018.

Federal Rule of Civil Procedure Rule 41(b) provides:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

The sanction of dismissal with prejudice for failure to prosecute is a "severe sanction," warranted when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Corp.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). Courts in this circuit apply five factors to determine whether a motion under Rule 41(b) should be granted: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal quotations and citations omitted); *see also Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) (extending *Ehrenhaus* to Fed. R. Civ. P. 41(b) motions).

The first *Ehrenhaus* factor is actual prejudice. Prejudice can be shown through unreasonable delay, as "a defendant has "a legitimate interest in bringing the matter to closure within a reasonable time." *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1152 (10th Cir. 2007). Prejudice can also be shown when, through plaintiff's conduct, defendants "los[e] an opportunity to gain relevant information . . . [about] the factual basis of the parties' claims. *See Ecclesiastes*, 497 F.3d at 1145.

Defendant argues that it suffered inconvenience and prejudice in two related ways. First, over three years have passed since the storm that plaintiffs allege caused damage to their home, which has impeded the defendant's ability to resolve the case in a reasonable time. *See* Docket No. 1-3 at 2, ¶ 10. Second, the plaintiffs' failure to

3

prosecute the action has interfered with defendant's ability to engage in meaningful discovery because the home in question has "experienced other weather events" since June 2015.  *See* Docket No. 27 at 6.  Plaintiffs argue that defendant has suffered no actual prejudice because defendant is in possession of a repair estimate provided by plaintiffs that includes "numerous photographs and details of the storm damage."  *See* Docket No. 28 at 7.  Further, plaintiffs suggest that defendant's own claims file is "presumably replete with notes and photographs from their own adjuster's inspection."  *Id*.

The Court finds that defendant has failed to show any actual prejudice.  Defendant does not deny that it inspected the property near the time of the claim.  *See* Docket No. 27 at 3, ¶ 3.  Therefore, the passage of time since the proceedings were stayed does not prejudice defendant as it might otherwise have.  Moreover, defendant fails to identify any discovery that it will not have access to once the stay is lifted.  Finally, defendant does not show that it has lost the opportunity to gain relevant information about the factual basis of plaintiffs' claim.  *See Ecclesiastes*, 497 F.3d at 1145.  Therefore, the first *Ehrenhaus* factor weighs in favor of plaintiffs.

Defendant also fails to show that the second *Ehrenhaus* factor, interference with the judicial process, weighs in its favor.  This case has been administratively closed pending the appraisal process.  Docket Nos. 25, 26.  Because of the stay, the only interference with the judicial process has been general delay.  Defendant has failed to demonstrate how plaintiff has "hindered the court's management of its docket."  *See Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993).  While plaintiffs have been

4

remiss in their delay, it is worth noting that defendant could have moved to re-open the case over a year ago when it decided to close plaintiffs' claim. See Docket No. 27-4 at 1.

The third factor is the culpability of the litigant in failing to prosecute the case. This factor asks whether plaintiffs (or their counsel) caused the failure to prosecute, or whether they are "victims of circumstances." See Jones, 996 F.2d at 265.

This factor weighs heavily in favor of defendant. Plaintiffs demanded an appraisal in a letter on December 13, 2016. See Docket No. 27-1. The policy required that both parties select an appraiser within twenty days after defendant received the demand for appraisal. See Docket No. 27-2. However, plaintiffs never designated an appraiser. See Docket No. 27-4. By the time the parties filed their joint motion to administratively close the case, plaintiffs had already failed to meet the twenty-day deadline. See Docket No. 26 (minute order entered January 26, 2017). Five months after the Court administratively closed the case, defendant sent plaintiffs a letter noting that plaintiffs had not designated an appraiser and, as a result, defendant was concluding the appraisal process. See Docket No. 27-4. Further, defendant contacted plaintiffs in September 2017, February 2018, and May 2018, informing them of defendant's intent to file this motion for failure to prosecute. See Docket No. 27 at 4, ¶¶ 14-17.

Plaintiffs argue that, to the extent the delay in the case is their fault, it is attributable to "excusable neglect" on the part of plaintiffs' counsel. See Docket No. 28 at 3-5. Plaintiffs' counsel experienced a cardiac event and related car accident on

September 8, 2015 and a heart attack on December 25, 2015. *Id*. at 3. Plaintiffs argue that the case was "administratively stayed" during the "several months of cardiac rehabilitation" that followed. *Id*. While unfortunate, these events are irrelevant given that this case was commenced in June 2016. The administrative closure did not begin until January 2017. *See* Docket No. 26 (minute order entered January 26, 2017). Plaintiffs' counsel also suffered a motorcycle accident on August 23, 2017 and underwent heart surgery on December 20, 2017. *Id*. at 3-4. These events, however, occurred months after plaintiffs failed to appoint an appraiser and do not explain why plaintiffs did not appoint an appraiser or respond to the June 13, 2017 letter from defendant regarding the closure of the appraisal process. *See* Docket No. 27-4 at 1. Moreover, plaintiffs misstate the legal standard. "Excusable neglect" applies to Fed. R. Civ. P. 6(b), which deals with the extension of time for motion papers and other filings. *See* Fed. R. Civ. P. 6(b)(1)(B). There is no similar standard for Rule 41(b) proceedings.

"There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962). "A litigant is bound by the actions of its attorney, and the relative innocence of the litigant in the failure does not constitute grounds for relief." *Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188-89 (10th Cir. 2002) (affirmatively citing the trial court's order dismissing the case). A plaintiff's medical condition does not relieve a plaintiff's burden to prosecute his or her case. *See Echenique v. Goodwill Indus. of Denver*, No. 13-cv-00556-PAB-MJW, 2014 WL

459776, at *6 (D. Colo. Feb. 4, 2014) (finding that plaintiff's allegations regarding her medical condition do not cause dismissal for failure to prosecute to be less appropriate). The same standard applies to counsel, who acts as the plaintiff's agent. *See Gripe*, 312 F.3d at 1184. Therefore, plaintiffs' counsel's medical issues cannot make dismissal any less appropriate.

The fourth factor is whether the plaintiffs had been warned in advance that dismissal would be possible. "[T]he need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation." *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1152 (10th Cir. 2007). "[N]o notice of any type need be given by the court prior to dismissal." *Id*. (citing *Stanley v. Cont'l Oil Co.*, 536 F.2d 914, 917 (10th Cir. 1976)). Constructive notice, or "notice (1) without an express warning and (2) objectively based upon the totality of the circumstances (most importantly, the trial court's actions or words)," is sufficient to satisfy this prong. *See Ecclesiastes*, 497 F.3d at 1150.

Plaintiffs had constructive notice that dismissal for failure to prosecute was a possibility. Defendant's counsel conferred with plaintiffs' counsel on two separate occasions and indicated that defendant would move to dismiss the case for lack of prosecution. *See* Docket No. 27-5, 27-7. Plaintiffs' counsel knew as of September 26, 2017 that this motion was a possibility. *See* Docket No. 27-6. Plaintiffs still took no action to prosecute the case. Therefore, the Court finds that plaintiffs had constructive notice that dismissal was a possibility.

Finally, the fifth factor is whether lesser sanctions would be available to address

7

plaintiffs' conduct. Plaintiffs argue that no sanctions are appropriate because the delay rests on "merely an unfortunate set of circumstances." *See* Docket No. 28 at 9. Though plaintiffs are culpable for not prosecuting their case, the Court finds that lesser sanctions are available that address plaintiffs' conduct without resorting to the "severe sanction" of dismissal with prejudice. *See Ecclesiastes*, 497 F.3d at 1143-44. Accordingly, the Court will order plaintiffs to pay all attorney's fees incurred by defendant in preparing its motion to dismiss and its reply.

After evaluating and weighing the *Ehrenhaus* factors, the Court concludes that the judicial system's strong predisposition to resolve cases on their merits tips in favor of denying defendant's motion. *See Ecclesiastes*, 497 F.3d at 1144 (citing *Ehrenhaus*, 965 F.2d at 921). Although plaintiffs' culpability is clear, the lack of prejudice to defendant and the comparatively early stage of the case makes it appropriate to give plaintiffs another chance to prosecute their case. Plaintiffs should understand, however, that any further unresponsiveness or lack of diligence will not be tolerated.

Wherefore, it is

**ORDERED** that the portion of defendant's Motion to Dismiss for Failure to Prosecute Under Rule 41(b) [Docket No. 27] seeking to re-open this matter is **GRANTED**. It is further

**ORDERED** that the portion of defendant's Motion to Dismiss for Failure to Prosecute Under Rule 41(b) [Docket No. 27] seeking to dismiss this matter is **DENIED**. It is further

**ORDERED** that plaintiffs are ordered to pay defendant's attorney's fees incurred

8

in preparing the Motion to Dismiss for Failure to Prosecute Under Rule 41(b) [Docket No. 27] and defendant's reply brief [Docket No. 30].

DATED November 5, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge